IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EMILY M. BURNS, in her own right and as Administratrix of the Estate of Matthew T. Burns, Deceased, | : : : : | |
| Plaintiff, | : : | CIVIL ACTION |
| | : | No. 21-5104 |
| v. | : : : : : | |
| SHAMA EXPRESS, L.L.C., et al., | : : | |
| Defendants. | : | |

**January 13, 2022**                                                                                      **Anita B. Brody, J.**

### MEMORANDUM

Plaintiff Emily M. Burns brings negligence, negligent infliction of emotional distress, and Pennsylvania Wrongful Death Act and Survivor Act claims against Defendants Shama Express, LLC, Mohammed Akbari, and Dilawar Ali Shah (collectively, "Shama Defendants"), Frost Brook Trucking, Inc., Robert Lee, Jr., and Mark W. Eddy (collectively, "Frost Brook Defendants"), and BSE Trailer Leasing, LLC.[1] On November 19, 2021, the Shama Defendants

---

[1] Burns also names as Defendants the fictitious entitles who owned, employed, and/or controlled the vehicles, trailers, and/or drivers at issue, the fictitious individuals who owned, employed, and/or controlled the vehicles, trailers, and/or drivers at issue, and the fictitious entities and individuals who inspected, maintained, serviced, and/or repaired the vehicles and/or trailers at issue. *See generally* Compl., ECF No. 1-1.

1

removed the instant action to this Court from the Philadelphia County Court of Common Pleas.[2] ECF No. 1. I exercise diversity jurisdiction over Burns' claims pursuant to 28 U.S.C. § 1332.[3]

The Frost Brook Defendants and Shama Defendants move to transfer this action to the United States District Court for the Western District of Pennsylvania based on the convenience of the parties and witnesses.[4] ECF Nos. 5–6. I will grant the Defendants' Motions to Transfer to the Western District of Pennsylvania.

I.    BACKGROUND[5]

In the early hours of December 20, 2020, the Burns family was traveling westbound on Interstate 80 ("I-80") in Pine Township, Clearfield County, Pennsylvania. Decedent Matthew Burns was driving the family's Honda Odyssey minivan, Plaintiff Emily Burns was in the

---

[2] Removal was with the consent of all named Defendants. ECF No. 1 ¶ 33.

[3] Plaintiff Burns is a citizen of Pennsylvania, as was the Decedent Matthew T. Burns for whose Estate she serves as Administratrix; Burns is thus a citizen of Pennsylvania in both capacities under which she brings the instant suit. *See* 28 U.S.C. § 1332(c)(2) ("[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent."). Shama Express, LLC is a citizen of Ohio because all its limited liability company members are citizens of Ohio. *See* ECF No. 1 ¶ 9; *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) ("[T]he citizenship of an LLC is determined by the citizenship of its members."). Under the same theory, BSE Trailer Leasing, LLC is a citizen of Maryland. Frost Brook Trucking, Inc. is a citizen of Florida because it is incorporated and has its principal place of business in Florida. *See* 28 U.S.C. § 1332(c)(1) ("[A]corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ."). Individual Defendants Akbari and Shah are citizens of Ohio, Defendant Lee is a citizen of Florida, and Defendant Eddy is a citizen of Delaware. Diversity jurisdiction exists because the action is between citizens of different states and the amount in controversy exceeds $75,000. *See* ECF No. 1 ¶ 29; 28 U.S.C. § 1332(a)(1).

[4] In the alternative, the Frost Brook Defendants move to transfer this action to the Western District of Pennsylvania based on improper venue. But venue is proper in the Eastern District of Pennsylvania by virtue of Defendants' removal to this Court. "Under Section 1441, venue is properly laid in the Court 'embracing the place where such action is pending.'" *Connors v. UUU Prods., Inc.*, No. CIV.A. 03-6420, 2004 WL 834726, at *5 (E.D. Pa. Mar. 15, 2004) (DuBois, J.) (quoting 28 U.S.C. § 1441(a)). Before removal, this case was pending in the Court of Common Pleas of Philadelphia County, which is located in the Eastern District of Pennsylvania. *See* 28 U.S.C. § 118(a). Venue was therefore properly laid in this Court pursuant to Section 1441(a).

[5] All facts are taken from the Complaint. *See* ECF No. 1-1.

passenger seat, and the couple's three children were in child car seats secured in the back rows. The road surface was wet and covered with snow. Defendant Akbari or Defendant Shah was also driving westbound on I-80, operating a tractor-trailer.[6] At or near mile marker 110.4, Akbari or Shah lost control of the tractor-trailer, which jack-knifed and came to a stop across the left-hand westbound lane. Decedent Burns, also travelling in the left-hand westbound lane, was unable to avoid colliding with the jack-knifed tractor-trailer because a second tractor-trailer, driven by Defendant Eddy, was travelling in the right-hand westbound lane, thus preventing Decedent Burns from swerving to the right.[7] In the ensuing collision, Decedent Burns was ejected from the vehicle and sustained fatal injuries.

## II. DISCUSSION

Notwithstanding proper venue following removal to federal court, a court may transfer a civil action to another district under the doctrine of forum *non conveniens*. Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). The movant bears the burden of establishing the propriety of transfer. *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970). A movant is "not required to show 'truly compelling circumstances for . . . change . . . [of venue, but rather that] all relevant things considered, the case would be better off transferred to another district.'" *Connors v. R & S Parts & Servs., Inc.*, 248 F. Supp. 2d 394, 396 (E.D. Pa. 2003) (Shapiro, J.) (quoting *In re United States*, 273 F.3d 380, 388 (3d Cir. 2001)) (alterations in original).

---

[6] At the time of the collision, Defendant Shama Express, L.L.C. and/or Defendant BSE Trailer Leasing, L.L.C. owned or leased the tractor-trailer operated by Defendant Akbari or Defendant Shah.

[7] At the time of the collision, Defendant Frost Brook Trucking, Inc. and/or Defendant Lee owned or leased the tractor-trailer operated by Defendant Eddy.

### a. Venue is Proper in the Western District of Pennsylvania

The Frost Brook Defendants and Shama Defendants move to transfer this action to the Western District of Pennsylvania for the convenience of the parties and witnesses. The Court's first task must be to determine whether the instant suit "might have been brought" in the Western District.

Under 28 U.S.C. § 1391(b)(2), "[a] civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." When a plaintiff's claims arise solely from an accident, a "substantial part of the events . . . giving rise" to those claims occurs in the district where the accident takes place. *See, e.g.*, *Miller v. SAWA Transportation Inc.*, No. CV 21-2308, 2021 WL 4399665, at *3 (E.D. Pa. Sept. 27, 2021) (Brody, J.) (finding venue proper in the judicial district where the auto accident giving rise to plaintiff's claims occurred, and not in the judicial district where plaintiff sought medical treatment); *Medina v. Haas*, No. CV 20-5019, 2021 WL 1088343, at *2 (E.D. Pa. Mar. 22, 2021) (Pappert, J.) (finding venue proper in judicial district where tractor-trailer accident giving rise to plaintiff's claims occurred).

The accident on I-80 that gives rise to Burns' claims against Defendants occurred in Clearfield County, Pennsylvania, which is encompassed by the Western District. ECF No. 5-1 at 6; 28 U.S.C. § 118(c). Venue is thus proper in the Western District. The Western District would also have personal jurisdiction over Defendants. *See O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316–17 (3d Cir. 2007) (finding that the conduct of business in a state creates "certain minimum contacts with . . . [Pennsylvania] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice"). Burns could have properly brought her suit in the Western District.

### b. Public and Private Factors Weigh in Favor of Transfer

When venue is proper in the proposed transferee court, the transferor court must conduct a balancing test, considering "the private and public interests protected by the language of § 1404(a)." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). Although there is no definitive list of factors to consider, private interests often weighed include (i) the plaintiff's forum preference; (ii) the defendant's preference; (iii) where the claim arose; (iv) the convenience of the parties; (v) the convenience of the nonparty witnesses to the extent that the witnesses may be unavailable for trial in one of the fora; and (vi) the location of records to the extent that they could not be produced in the alternative forum. *Id.*

### i. Private Interest Factors

In considering private interest factors, "[the plaintiff's] choice of forum is [generally] entitled to great weight and is not to be disturbed unless the balance of convenience strongly favors the defendant['s] forum." *Blanning v. Tisch*, 378 F. Supp. 1058, 1060 (E.D. Pa. 1974) (Luongo, J.) (citing *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970)). But "plaintiff's choice of forum merits less deference when none of the conduct complained of occurred in plaintiff's selected forum" or "when the plaintiff's choice of forum is not the plaintiff's residence." *Rowles v. Hammermill Paper Co.*, 689 F. Supp. 494, 496 (E.D. Pa. 1988) (Cahn, J.). The defendant's forum preference, meanwhile, is usually "entitled to considerably less weight than Plaintiff's, as the purpose of a venue transfer is not to shift inconvenience from one party to another." *Family Fin. Ctrs. LLC v. Cox*, No. 14-5330, 2015 WL 790038, at *4 (E.D. Pa. Feb. 25, 2015) (Buckwalter, J.) (quoting *EVCO Tech. Dev. Co. v. Precision Shooting Equip., Inc.*, 379 F. Supp. 2d 728, 730 (E.D. Pa. 2003) (Rufe, J.)).

Although Burns did not choose to be in federal court in the Eastern District, she to some degree chose this forum by filing in the Philadelphia County Court of Common Pleas. *See Battle v. Wal-Mart Stores, Inc.*, No. 19-cv-0945, 2019 WL 5290540, at *2 (E.D. Pa. Oct. 17, 2019) (Jones, J.) (considering the Eastern District of Pennsylvania the plaintiff's chosen forum in action removed from Philadelphia County Court of Common Pleas). But Burns' selection of forum should be given little weight, as the events giving rise to her claims against Defendants occurred in the Western District. Furthermore, Burns lives in Huntingdon County, which is located in the Middle District and much closer to the seat of the Western District than to Philadelphia. ECF No. 6 at 18; 28 U.S.C. § 118(b). Most importantly, Burns did not oppose the Motions for Transfer currently before the Court.[8] As such, the Frost Brook Defendants' and Shama Defendants' Motions to transfer this case do not shift the inconvenience of litigation from Defendants to Burns, because no named party resides in the Eastern District, let alone in Pennsylvania. Because Burns' choice is given less weight than is typical of transfer analyses and because she did not oppose the Defendants' Motions for Transfer, the private interests reflecting the named parties' wishes favor transfer to the Western District.

The private interests considering where the claim arose, the convenience and accessibility of witnesses, and the accessibility of records also favor transfer. "When the vast majority of the acts giving rise to plaintiff's claims take place in another forum, that weighs heavily in favor of transfer." *Leatherman v. Cabot Oil & Gas Corp.*, No. 12-cv-3783, 2013 WL 1285491, at *3 (E.D. Pa. Mar. 29, 2013) (DuBois, J.) (quoting *Hamilton v. Nochimson*, No. 09-CV-2196, 2009 WL 2195138, at *3 (E.D. Pa. July 21, 2009) (O'Neill, J.)). The events and witnesses in this case

---

[8] The Court issued an Order directing Plaintiff to show cause as to why Defendants' Motions for Transfer to the Western District should not be considered as unopposed. ECF No. 9. Burns has filed no response. The Court must nonetheless carefully consider the interests weighing for and against transfer to determine if transfer is "in the interest of justice." 28 U.S.C. § 1404(a).

have no connection to the Eastern District. The accident occurred in the Western District. Responding state troopers, EMS personnel, and other witnesses are in western Pennsylvania, as are all relevant police and medical records. ECF No. 5-1 at 9–10; ECF No. 6 at 14–16.

Given the above analysis, private interests in this matter weigh in favor of transfer to the Western District of Pennsylvania.

### ii. Public Interest Factors

*Jumara* also requires that the Court consider relevant public interests, including (i) the enforceability of the judgment; (ii) practical considerations that could make the trial easy, expeditious, or inexpensive; (iii) the relative administrative difficulty in the two fora resulting from court congestion; (iv) the local interest in deciding controversies at home, (v) the public policies of the fora; and (vi) the familiarity of the trial judge with applicable state law in diversity cases. *Jumara*, 55 F.3d at 879–80.

The first and sixth public factors are inapplicable here because a judgment in the Western District is equally enforceable as compared to one in the Eastern District, and because judges in both districts are familiar with the applicable Pennsylvania law. The third factor weighs somewhat against transfer, as the Western District has a slightly higher case load per judge than does the Eastern District. ECF No. 6 at 20. As the Shama Defendants note, however, the case loads of both districts are below the national average, suggesting the public interest in lessening court congestion should be afforded little weight in this analysis. *Id.* Furthermore, the remaining public interest factors weigh more clearly in favor of transfer; given the need for witness travel, access to records, and potential access to the accident scene, it is eminently more practical and cost-effective to adjudicate the case locally. The Western District surely has the greater interest

in providing a forum for the resolution of a lawsuit resulting from a tragic local accident. Public interests thus also weigh in favor of transfer.

### III. CONCLUSION

Because venue is proper in the Western District of Pennsylvania and both private and public interests counsel in favor of transfer, Defendants have met their burden of proving that this case is best adjudicated in the Western District. I will therefore grant the Frost Brook Defendants' and Shama Defendants' Motions to Transfer to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1404(a).

      __s/ANITA B. BRODY, J.__
      ANITA B. BRODY, J.

Copies **VIA ECF**